# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 97-60209
(Summary Calendar)

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUGENE ERVIN; ERIC JEROME ERVIN,
also known as Sealed Defendant 2,

Defendants-Appellants.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:96-CR-61-BN-ALL

---

December 19, 1997

Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Eugene Ervin and Eric Jerome Ervin appeal their convictions for jury tampering pursuant to

18 U.S.C. § 1503. Both defendants argue that the evidence was insufficient to prove that they

endeavored to influence a juror. The juror need not actually have been influenced. United States v.

Williams, 874 F.2d 968, 981 (5th Cir. 1989). The Ervins need not have explicitly threatened Caston

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or have told Caston that he should acquit Culley. <u>See</u> <u>United States v. Forrest</u>, 623 F.2d 1107, 1113-14 (5th Cir. 1980). The evidence was sufficient.

Eugene Ervin argues that the district court committed reversible error in not granting his motion for new trial. The district court's holding that the alleged newly discovered evidence would be cumulative of that presented at trial and would not change the outcome of the trial was not an abuse of discretion. <u>United States v. Sanchez-Sotelo</u>, 8 F.3d 202, 212 (5th Cir. 1993).

Eric Ervin argues that the district court committed reversible error in failing to sustain his objection to the admission of certain testimony by Vedale Williams as more prejudicial than probative pursuant to Fed. R. Evid. 403. From the context of Williams' testimony, the district court did not abuse its discretion in allowing the quesitons as probative of Williams' credibility. The court determined that the probative value of the elicited testimony would not be substantially outweighed by any possible speculative prejudicial effect. <u>United States v. Pace</u>, 10 F.3d 1106, 1115-16 (5th Cir. 1993).

AFFIRMED.